*600 sef'ticmont of the accounts of Dr. Legare, as administrator of Mrs. Peterson, before the ordinary of Charleston dis *601 trict, he claimed the balance of a judgement confessed to him by the intestate, including interest from its date. This was objected to on the part of the distributees, on the ground that interest could not be legally collected, and the principal was nearly discharged by payments in the lifetime of Mrs. Peterson. It appeared that the intestate, being indebted to Dr. Legare for medical services for several years past, gave him her due bill for the amount of his account, and on the same day confessed judgement. The declaration counted on the due bill, and also on the open account: the execution commanded the sheriff to collect interest on the principal sum of the confession, from the day of confession. The payments by Mrs. Peterson did not quite extinguish the principal. The ordinary held that the interest could not be collected, and allowed only the small balance of principal. The administrator appealed, and the Court of Common Pleas (Judge Bay presiding,) reversed this decision. On appeal, the decision of the Circuit Court was affirmed ; the Court of Appeals holding, that under the act of 1815, the judgement bore interest on the amount of the due bill, from the day of confession; that the direction in the execution to collect the interest, was prima facie evidence that the recovery was on an interest bearing demand; and that the onus of shewing that such direction wa^ given under mistake in law or fact, or by fraud, devolved on the party ob-jeeting to the allowance of interest; and that the clerk and attorney issuing the execution, are impliedly, by the act 1815, to judge, in the first instance, whether the c'ause of action is an interest bearing demand.